_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| Case No.: 2:22-cv-06546-FWS | Date: November 7, 2022 |
|---|---|
| Title: In re: Mark Slotkin | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Appellant: | Attorneys Present for Appellee: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

**I.   Background**

On September 13, 2022, Appellant Mark Slotkin ("Appellant") filed an appeal of Bankruptcy Court case number 2:20-bk-12042-BB.  (Dkt. 1.)  On September 15, 2022, the court ordered Appellant to file the following documents within fourteen days after filing the notice of appeal, as required by Federal Rule of Bankruptcy Procedure 8009: (i) a designation of record; (ii) a statement of issues on appeal; and (iii) a notice regarding the ordering of transcripts.  (Dkt. 4.)

On October 7, 2022, the court issued an Order to Show Cause Regarding Dismissal for Lack of Prosecution ("OSC") because Appellant had not lodged or filed all of the required documents and ordered Appellant to show cause in writing, on or before October 21, 2022, why the appeal should not be dismissed for lack of prosecution.  (Dkt. 12.)  The court cautioned Appellant that failure to make an adequate and/or timely response to the Order could result in dismissal of the appeal.  (*Id*.)  Appellant's response was due by October 21, 2022.  (*Id*.)  As of the date of this Order, Appellant has not filed either a response to the OSC or all of the required documents listed at Dkt. 4.  (*See generally* Dkt.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-06546-FWS | Date: November 7, 2022 |
| Title: In re: Mark Slotkin | |

## II. Legal Standard

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002). Five factors are weighed in determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Pagtalunan*, 291 F.3d at 642-43.

"Dismissal is appropriate where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Neal v. Reslan*, 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992)) (internal quotation marks omitted). "In a case involving sua sponte dismissal, however, the fifth . . . factor regarding the availability of less drastic sanctions warrants special focus." *Carpenter v. Riverside Sheriff's Off.*, 2022 WL 3082995, at *2 (C.D. Cal. Aug. 3, 2022) (citing *Hernandez*, 138 F.3d at 399). "The district court is not required to make explicit findings on the essential factors." *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996).

## III. Discussion

Having weighed the aforementioned five factors, the court finds the first, second, third, and fifth factors weigh in favor of dismissing this action. As to the first and second factors, Appellant's failure to engage with this case and file a response to the court's Order has interfered with the public's interest in the expeditious resolution of this litigation, as well with

_____

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-06546-FWS | Date: November 7, 2022 |
| Title: In re: Mark Slotkin | |

the court's need to manage its docket. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). As to the third factor, Appellant does not assert facts overcoming the presumption that Appellee has been prejudiced by this unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).

Although the fourth factor generally weighs against dismissal, Appellant's failure to discharge his responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits. *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Indeed, while the fourth factor weighs against dismissal, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations and internal quotation marks omitted). Accordingly, this "factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.*

As to the fifth factor, there is no less drastic sanction available to the court as it has already given Appellant an opportunity to file the necessary documents, cautioned Appellant that failure to comply with the OSC could result in dismissal of the case without prejudice, and provided sufficient time for Appellant to either respond to the OSC or file the necessary documents. *See Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("[Plaintiff] was notified of the impending dismissal and given an opportunity to preserve his action by explaining the delay and going forward with the case. [Plaintiff] failed to respond to the notice in any way. It was not an abuse of discretion for the district court to decide the disinterest exhibited by [Plaintiff] in relation to the notice was indicative of his interest in the entire case."). Accordingly, because the court has taken meaningful steps to explore alternatives to dismissal, the court concludes that this factor also weighs in favor of dismissal. *See Henderson v. Duncan*, 779 F.2d 1421,

---

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:22-cv-06546-FWS | Date: November 7, 2022 |
| Title: In re: Mark Slotkin | |

1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

### IV.     Disposition

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). The Clerk is directed to **CLOSE** this case.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk:  mku

---